ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| HAYDEE SÁNCHEZ ORTIZ<br><br>Apelante<br><br><br>v.<br><br><br><br>MARGARITA SÁNCHEZ ORTIZ Y OTROS<br><br>Apelados | TA2026AP00542 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2021CV00852<br><br>Sobre: Remedio Provisional (Regla 56.1); Impugnación de Declaratoria de Herederos; Sentencia Declaratoria; Partición de Herencia; División y Adjudicación de Bienes Hereditarios; y Daños y Perjuicios |

Panel integrado por su presidenta la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece Haydee Sánchez Ortiz ("señora Sánchez Ortiz" o "Apelante") mediante recurso de *Apelación* y nos solicita que revoquemos una *Sentencia* emitida el 7 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("TPI"). En virtud del aludido dictamen, el TPI desestimó sin perjuicio la *Demanda* instada por la parte apelante, al amparo de la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2, debido al incumplimiento con los términos concedidos por el tribunal.

Por los fundamentos que proceden, se *desestima* el recurso de apelación, por falta de jurisdicción, debido a su presentación prematura.

**I.**

El 21 de octubre de 2021, la señora Sánchez Ortiz presentó una *Demanda* sobre partición y división del caudal hereditario, entre otros, contra los miembros de la Sucesión de Pablo Sánchez Salamán (en conjunto, "Sucesión" o "Apelados").

Tras varias instancias procesales, el 21 de enero de 2025, el TPI les ordenó a las partes a presentar, dentro de un término de veinte (20) días, una moción conjunta en la cual debían detallar el descubrimiento pendiente. Asimismo, dispuso que el descubrimiento de prueba debía finalizar en o antes del 17 de abril de 2025. A esos efectos, calendarizó una Conferencia con Antelación a Juicio ("CAJ") para el 29 de mayo de 2025.

El 10 de febrero de 2025, la señora Sánchez Ortiz instó un *Escrito en Solicitud de Breve Término Adicional para Presentar Moción Conjunta en cuanto al Descubrimiento de Prueba*. Como resultado, en igual fecha, notificado el 12 de febrero de 2025, el foro de instancia les concedió a las partes diez (10) días adicionales para informar sobre el descubrimiento de prueba.

Siendo así, el 20 de febrero de 2025, las partes presentaron una *Moción Conjunta en Cumplimiento de Orden*. Expusieron que interesaban realizar deposiciones y, a su vez, que se encontraban en conversaciones sobre la posibilidad de alcanzar un acuerdo. Ese mismo día, notificado el día siguiente, el TPI les otorgó cinco (5) días para informar las fechas de las deposiciones. Transcurrido el plazo, el 26 de febrero de 2025, notificado el día después, el TPI les ordenó que, dentro de diez (10) días informaran sobre el estado de los procedimientos.

El 10 de marzo de 2025, la parte apelante, radicó un *Escrito en Cumplimiento de Orden Informando Fechas Descubrimiento y en Solicitud de Extensión del Término*. Señaló que coordinó las fechas del 9 y 28 de mayo de 2025 para tomar las deposiciones correspondientes. Ante la imposibilidad de llevar a cabo las deposiciones dentro del plazo concedido para la culminación del descubrimiento de prueba, solicitó una prórroga del sesenta (60) días. Así pues, el 11 de marzo de 2025, el TPI otorgó la prórroga, según peticionada.

Posteriormente, el 21 de mayo de 2025, la señora Sánchez Ortiz notificó un *Escrito en Solicitud de Reseñalamiento de Vista y Término Adicional para presentar el Informe Preliminar entre Abogados y Abogadas*. Informó que, "por

razones ajenas a las partes y fuera de su control"[1], no se tomaron las deposiciones en las fechas indicadas. Reiteró, además, que se encontraban dialogando sobre un posible acuerdo. En atención a ello, solicitó que se recalendarizara la CAJ para el 29 de agosto, 4 o 5 de septiembre de 2025. Asimismo, peticionó una extensión de treinta (30) días para cumplir con el Informe Preliminar. El 22 de mayo de 2025, el TPI dejó sin efecto la vista del 29 de mayo de 2025 y la reseñaló para el 5 de septiembre de 2025. Consecuentemente, les concedió la extensión solicitada de treinta (30) días para notificar el informe.

El 3 de septiembre de 2025, la señora Sánchez Ortiz presentó un *Escrito en Solicitud de Reseñalamiento de Vista*. Manifestó que el incumplimiento con la presentación del Informe Preliminar respondió "a que las partes han continuado en comunicaciones conducentes a un acuerdo, por lo que se haría innecesario la presentación del informe".[2] Por otra parte, sostuvo que, con el fin de vender la propiedad cuya división se solicita, era necesario obtener la Resolución de Declaratoria de Herederos de la viuda del causante. Informó que, en ese mismo día, se les notificó la Resolución correspondiente, razón por la cual se encontraban en posición de continuar con las gestiones dirigidas a la venta del inmueble. Por tanto, solicitó que se les excusara por haber incumplido con los términos del tribunal. A su vez, debido a que continuaban en conversaciones para alcanzar un acuerdo, peticionó que se volviera a recalendarizar la CAJ para el 29 de octubre, 5 o 12 de noviembre de 2025.

El 27 de octubre de 2025, las partes presentaron una *Moción Conjunta Informativa y en Solicitud de Reseñalamiento*. Nuevamente, reiteraron que se encontraban en comunicaciones para alcanzar un acuerdo. Esbozaron, además, que habían continuado los trámites necesarios para culminar la inscripción del inmueble en controversia. Entre ellos, adujeron que estaban preparando la Planilla de Caudal Relicto. Sostuvieron, además, que, mediante una conferencia telefónica llevada a cabo el 22 de octubre de 2025, las partes acordaron que: (1)

---

[1] Apéndice del recurso, Entrada Núm. 161, pág. 1.
[2] Apéndice del recurso, Entrada Núm. 163, pág. 1.

los demandados presentarían por escrito una oferta, en o antes del 15 de diciembre de 2025; (2) la demandante reaccionaría por escrito, en o antes del 31 de diciembre de 2025; (3) someterían una estipulación conjunta, en o antes del 15 de enero de 2026; (4) de no materializarse un acuerdo, presentarían una propuesta conjunta, a los fines de designar los corredores de bienes raíces para la venta del inmueble; y (5) pactarían los términos para renunciar a cualesquiera otras causas subsistentes. Cónsono con lo anterior, solicitaron que se recalendarizara la CAJ para el 15 de enero de 2026.

Ese mismo día, el foro de instancia dejó sin efecto la CAJ y, además, les ordenó a las partes informar sobre el estatus del caso antes del 15 de enero de 2026. El 15 de enero de 2026, la señora Sánchez Ortiz notificó una *Moción Informativa en Cumplimiento de Orden*. Precisó que las partes continuaban realizando los trámites previamente informados. Así las cosas, peticionó una prórroga de cuarenta y cinco (45) días para presentar el acuerdo conforme a lo expuesto el 27 de octubre de 2025. El 22 de enero de 2026, el TPI concedió el término adicional solicitado.

El 3 de marzo de 2026, la apelante presentó un *Escrito en Solicitud de Término Adicional para Presentar la Estipulación*, ya que no habían culminado las gestiones correspondientes. Por consiguiente, solicitó otra prórroga de cuarenta y cinco (45) días. El 6 de marzo de 2026, el TPI concedió un término final e improrrogable de treinta (30) días para que las partes sometan el acuerdo particional alcanzado o, en su defecto, perfeccionen el presente recurso mediante la presentación del Relevo de Hacienda. A su vez, les apercibió que, de incumplirse con lo ordenado, procedería a desestimar la demanda de autos.

El 31 de marzo de 2026, la señora Sánchez Ortiz notificó un *Escrito en Solicitud de Anotación de Rebeldía y en Solicitud de Remedio*. En primer lugar, señaló que la codemandada, María de Lourdes Sánchez Anguizoni ("señora Sánchez Anguizoni") fue debidamente emplazada mediante Renuncia al Emplazamiento firmado el 22 de noviembre de 2021. Sin embargo, sostuvo que la señora Sánchez Anguizoni nunca compareció ante el foro de instancia, razón por la cual procedía que se le anotara la rebeldía. En segundo lugar, peticionó

que no se considerara la desestimación como una sanción. Arguyó que el caso había sido uno complejo en cual, a pesar de ello, las partes se habían mantenido activas durante el proceso judicial. De manera similar, manifestó que no ha existido abandono, desatención o inactividad. Expresó, además, que, previo a la desestimación, el tribunal debe considerar la imposición de otras sanciones. Como resultado, solicitó quince (15) días adicionales para culminar las negociaciones entre las partes o, en la alternativa, para informar sobre alguna controversia pendiente que amerite la intervención del tribunal.

Sucesivamente, el 6 de enero de 2026, la señora Sánchez Ortiz radicó un *Escrito Informando Estado de las Negociaciones y Reiterando Solicitudes en Comparecencia Anterior*. Suplicó la concesión de un término de cinco (5) días adicionales para presentar un acuerdo. El 7 de abril de 2026, el foro de instancia denegó las solicitudes de términos adicionales instadas por la parte apelante.

En igual fecha, el TPI emitió una *Sentencia* en virtud de la cual desestimó la reclamación, al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra*. El foro de instancia precisó lo siguiente:

> A pesar del apercibimiento de desestimación contenido en la Orden de 6 de marzo de 2026, la parte demandante compareció el 31 de marzo de 2026 solicitando un término adicional de quince (15) días. Esta nueva solicitud no solo ignora la naturaleza perentoria de la orden, sino que insiste en la misma argumentación de culminar negociaciones o, en su defecto, informar sobre controversias que debieron ser atendidas desde el inicio del descubrimiento de prueba.
>
> Las partes mediante mociones de prórroga han alegado de forma reiterada la preparación de la Planilla de Caudal Relicto y la negociación de un cuaderno particional. Sin embargo, a esta fecha, no se ha sometido ni una sola evidencia que sustente que estas gestiones son reales y no meras tácticas de demora. Resulta injustificable que, habiendo sido instada esta acción de liquidación y partición de herencia el 21 de octubre de 2021, hayan transcurrido más de cuatro (4) años sin que a esta fecha se presenten documentos esenciales como la tasación, el inventario, cuaderno particional y la Certificación de poner a este Tribunal en posición de adjudicar el recurso, perpetuando la dilación innecesaria de este proceso.[3]

Inconforme, el 22 de abril de 2026, la señora Sánchez Ortiz instó una *Solicitud de Reconsideración a Sentencia Final*. En apoyo a la misma, el 23 de abril de 2026, las señoras Margarita, Emma Iris, Sangra y Gisela, todas de apellidos Sánchez Ortiz, presentaron una *Moción Expresando Posición en*

---

[3] Apéndice del recurso, Entrada Núm. 183, pág. 2.

*Relación a Reconsideración de Sentencia Solicitada por la Parte Demandante.* Aquilatadas las solicitudes de reconsideración, el TPI las denegó mediante Órdenes dictadas el 28 de abril de 2026.

Insatisfecha aún, el 28 de mayo de 2026, la señora Sánchez Ortiz acudió ante nos mediante recurso de *Apelación* en el cual le imputó al TPI la comisión de los siguientes errores:

> **Erró el TPI al desestimar el caso sin que se haya incurrido en incumplimiento de órdenes o inactividad.**
>
> **Erró el TPI al dejar de notificar la Sentencia a la parte codemandada María de Lourdes Sánchez Arguinzoni.**
>
> **Erró el TPI al declarar NO HA LUGAR la solicitud de anotación de rebeldía de la parte codemandada María de Lourdes Sánchez Arguinzoni.**

El 1 de junio de 2026, este Tribunal emitió una *Resolución* en virtud de la cual le otorgó a la parte apelada hasta el 29 de junio de 2026 para presentar su alegato en oposición al recurso. Transcurrido el término, sin la comparecencia de los apelados, damos por perfeccionado el recurso y procedemos a resolver.

**II.**

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.* Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. Íd., *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis*, Inc., 158 DPR 345, 355 (2003).

En ese sentido, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone lo siguiente:

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

1. que el Tribunal de Apelaciones carece de jurisdicción;

[...]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-118, 215 DPR __ (2025).

Ahora bien, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *SLG Szendrey-Ramos v. F. Castillo, supra,* pág. 883. Por lo tanto, un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). En consecuencia, su presentación carece de eficacia y no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

**III.**

En el recurso que nos ocupa, la parte apelante nos solicita que revoquemos la *Sentencia* en virtud de la cual el TPI desestimó sin perjuicio la causa de acción como sanción ante el incumplimiento con el término para la culminación del descubrimiento de prueba. Arguye que el foro de instancia erró al desestimar la demanda, sin previamente haber emitidos otras sanciones. Sostiene, además, que incidió al no notificarle la *Sentencia* apelada a la codemandada, la señora Sánchez Anguizoni. Por otra parte, manifiesta que procedía la anotación de rebeldía de la señora Sánchez Anguizoni, quien nunca compareció al pleito.

Por incidir sobre nuestra jurisdicción y facultad revisora, el segundo error será atendido con primacía. Según surge del expediente, el 1 de diciembre de

2021, la parte apelante notificó una *Moción Informativa sobre Renuncia al Emplazamiento de la Codemandada María de Lourdes Sánchez Anguizoni.* Dicho escrito fue acompañado de la *Notificación de Demanda y Solicitud de Renuncia al Emplazamiento* debidamente firmada por la señora Sánchez Anguizoni. Es de notar que de la *Notificación de Demanda [...]* surgía la dirección postal y física a la cual debían enviarles las notificaciones a la señora Sánchez Anguizoni. No obstante, la *Sentencia Parcial* aquí apelada no le fue notificada, conforme exige la normativa procesal.

Sabido es que "[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación **a todas las partes** y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo". Regla 46 de Procedimiento Civil, 32 LPRA Ap. V., R. 46. Ante la falta de notificación a la señora Sánchez Anguizoni, el término para apelar no ha empezado a transcurrir. Como consecuencia, el presente recurso es uno prematuro. Por tanto, carecemos de jurisdicción para atenderlo en sus méritos. El TPI deberá notificarle la *Sentencia Parcial* a todas las partes del pleito. Una vez se cumpla con la debida notificación, el término para acudir en apelación comenzará a transcurrir.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de apelación, por falta de jurisdicción, debido a su presentación prematura.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones